| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>EDWARD M. WOLKOWITZ (SBN 68298)<br>emw@lnbyb.com<br>ANTHONY A. FRIEDMAN (SBN 201955)<br>aaf@lnbyb.com<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Blvd., Suite 1700<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234<br>Facsimile:  (310) 229-1244<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | FOR COURT USE ONLY |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br><br>CHRISTOPHER JASON WATERS,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-22444 SK<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 03/19/2020    Movant(s) filed a motion or application (Motion) entitled: CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH KARYN LEVER AND DEBTOR

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 01/05/2021    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 17  days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    Page 1                          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 01/25/2021             /s/ Anthony A. Friedman
                             Signature


                             ANTHONY A. FRIEDMAN
                             Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "A"

EDWARD M. WOLKOWITZ (SBN 68298)
emw@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re**<br><br>**CHRISTOPHER JASON WATERS,**<br><br>Debtor. | **Case No. 2:19-bk-22444 SK**<br><br>**Chapter 7**<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH KARYN LEVER AND DEBTOR CHRISTOPHER JASON WATERS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND**<br><br>**DECLARATION IN SUPPORT THEREOF**<br><br>**[Federal Rule of Bankruptcy Procedure 9019; Local Bankruptcy Rule 9013-1(o)(1)]**<br><br>**[No Hearing Required]** |

1

1  **TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY**

2  **JUDGE:**

3     Howard M. Ehrenberg, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of

4  Christopher Jason Waters (the "Debtor"), has filed a motion (the "Motion") for an order,

5  pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy

6  Rule 9013-1(o)(1), approving the Settlement Agreement and Release (the "Agreement") entered

7  into by and between the Trustee, Karyn Lever ("Lever") and the Debtor (collectively, the

8  Trustee, Lever and the Debtor may be referred to as the "Parties") with regard to potential

9  avoidance claims against Lever relating to the Debtor and Lever's dissolution of marriage,

10 marital settlement agreement and subsequent dissolution judgment obtained in the Superior

11 Court of California, County of Los Angeles, Pasadena Courthouse.

12    Although all interested parties should read this Motion and the entire Agreement, the

13 pertinent parts of the Agreement provide, inter alia, that the Trustee shall forbear from seeking

14 to avoid the Transfer in exchange for Lever and the Debtor to collectively pay the Trustee, on

15 behalf of the estate, a settlement of $33,000.00 (the "Settlement Amount"). Additionally, under

16 the terms of the Agreement, the Trustee has received a deed of trust to be recorded against the

17 Property to secure the Settlement Amount until such time as the Settlement Amount is paid in

18 full.

19    The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy

20 Procedure on the grounds that the Trustee has determined that it is in the best interest of the

21 estate to settle his disputes with Lever and the Debtor given the inherent risks and expense

22 associated with litigation, the legal issues related to avoiding the MSA, the Transfer and the

23 Judgment, and the defenses proffered by Lever relative to the purported pre-nuptial agreement.

24 Accordingly, the Trustee submits that the compromise is fair and reasonable and should be

25 approved by the Court.

26    The Motion is based upon the Notice of Motion filed concurrently herewith, this

27 Motion, the Memorandum of Points and Authorities, the Declaration of Howard M. Ehrenberg,

28

2

1   and the exhibit attached hereto, the entire record in this case, and such further evidence as may

2   be made.

3       **WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

4       1.      Granting the Motion;

5       2.      Approving the Agreement;

6       3.      Authorizing and directing the Trustee, Lever and the Debtor to take any and all

7   steps necessary to effectuate the Agreement, which is attached hereto as <u>Exhibit 1</u>; and

8       4.      Granting such other and further relief as the Court deems just and proper.

9   DATED:  January 5, 2021                    LEVENE, NEALE, BENDER,
                                               YOO & BRILL L.L.P.
10

11                                             By:   /s/ Anthony A. Friedman
                                                    EDWARD M. WOLKOWITZ
12                                                  ANTHONY A. FRIEDMAN
                                               Attorneys for Howard M. Ehrenberg, Chapter 7
13                                             Trustee for the estate of Christopher Jason Waters

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.      General Background**

1.      On October 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:19-bk-22444-SK. Thereafter, the Trustee was appointed as Chapter 7 trustee of the Debtor's estate, a capacity in which he continues to serve.

2.      Prior to the Petition Date, on July 9, 2009, the Debtor married Lever.   In or about January 2010, Lever purchased and took title to the real property located at 5919 El Mio Drive, Los Angeles, California 90042 (the "Property").   In or about 2013, the Debtor was added to the title of the Property.

3.      In or about late 2018, Lever commenced a petition for dissolution of marriage against the Debtor in the Superior Court of California, County of Los Angeles, Pasadena Courthouse, bearing case number 18PDFL02152 (the "Dissolution Action").   Following the commencement of the Dissolution Action, the Debtor and Lever entered into a marital settlement agreement (the "MSA") providing, among other things, that the Property would be transferred to Lever (the "Transfer").   On December 31, 2018, the Court in the Dissolution Action approved the MSA by entering a Judgment of Dissolution (the "Judgment").

4.      Following the Petition Date, the Trustee commenced his due diligence regarding the Dissolution Action, the MSA, the Judgment and an analysis of the assets disposed of pursuant to the Judgment, including, but not limited to, the Transfer.

**B.      The Dispute and Settlement Thereof**

5.      In connection with conducting his due diligence, the Trustee determined that at or about the time of the Judgment, the Property had a fair market value of approximately $900,000 and secured debt of approximately $450,000, providing for equity of approximately $450,000.  The Trustee has analyzed the legal issues associated with the Debtor's pre-Petition Date interest in the Property, and the legal issues associated with the Transfer.  The Trustee's

analysis suggests that the MSA, the Transfer and the Judgment are avoidable on the basis that the Debtor did not receive reasonably equivalent value in exchange for the Transfer.  The remaining assets of the Debtor and Lever, at the time of the Judgment, were insignificant and appeared to be distributed relatively equally.

6.    The Debtor and Lever dispute the Trustee's contentions regarding the MSA, the Transfer and the Judgment. Indeed, the Debtor and Lever contend that Lever obtained the Property following marriage and that pursuant to an agreement between the Debtor and Lever, the Property would belong to Lever and that the community property interest in the Property, if any, is not the full extent asserted by the Trustee.  The Debtor and Lever also contend that there is deferred maintenance on the Property and that the Trustee's valuation of the Property, at the time of the Transfer, is not as the Trustee suggests.  The Trustee disputes the validity of the agreement between the Debtor and Lever regarding the disposition of title to the Property.

7.    While the Parties believe that complex family law issues exist with respect to the avoidance of the Transfer, a purported pre-nuptial agreement and the estate's interest in the Property following avoidance of the Transfer, following lengthy, extensive negotiations, the Parties herein have agreed to settle the disputes between them regarding the Property, the MSA, the Transfer and the Judgment, upon the terms and subject to the conditions set forth in the Agreement.

8.    The Agreement provides, inter alia, that the Trustee shall forbear from seeking to avoid the Transfer in exchange for Lever and the Debtor to collectively pay the Trustee, on behalf of the estate, a settlement of $33,000.00 (the "Settlement Amount").  Additionally, under the terms of the Agreement, the Trustee has received a deed of trust to be recorded against the Property to secure the Settlement Amount until such time as the Settlement Amount is paid in full.

9.    A true and correct copy of the Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

/ / /

/ / /

5

## II.

## THE COMPROMISE SHOULD BE APPROVED

**A.      The Creditors Have Received Sufficient Notice Of The Settlement Agreement**

Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve a settlement agreement following notice and an opportunity for a hearing.  In the case at bar, notice of this Motion, which summarizes the relief sought by the Trustee, was served upon the Debtor, the Debtor's counsel, counsel for Lever, all creditors of the bankruptcy estate, the Office of the United States Trustee, as well as any parties who have requested special notice. Thus, the Motion may be determined upon notice of opportunity to request a hearing under Local Bankruptcy Rule 9013-1(o)(1).

**B.      The Bankruptcy Rules Allow The Court To Approve Compromise Of Controversy**.

Rule 9019 states that "the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).  The "may" language of Rule 9019 indicates that the approval or disapproval of a proposed settlement lies within the sound discretion of the Court.  For the reasons set forth below, the Court should approve the proposed Agreement.

**C.      Case Law Supports Approval Of The Proposed Settlement**.

It is well-established that, as a matter of public policy, settlements are favored over continued litigation.  See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case.  See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981).  Among the factors to be considered in determining whether a settlement is fair, equitable, and reasonable are the following:

(a)    the probability of success in the litigation;

(b)    any impediments to collection;

(c)    the complexity, expense, inconvenience and delay of litigation; and

(d)   the interest of creditors with deference to their reasonable opinions.

See A & C Properties, 784 F.2d at 1381.

From an analysis of the foregoing factors to the facts of this case, the Court should conclude that the terms of the Agreement are fair and equitable, and well within the range of reasonableness.

### a.   The probability of success in the litigation

While the Trustee believes that he would be successful in litigation against Lever, there is always a risk that the Trustee may not be successful in litigation.  Indeed, the Trustee believes he would establish all the elements of an avoidable transfer and prevail at trial, however, in defense of the Transfer, Lever and the Debtor have alleged that they entered into an agreement regarding the Property such that the Property would belong to Lever and that the community property interest in the Property, if any, is not the full extent asserted by the Trustee.  Further, the administrative costs associated with litigation could become cost prohibitive even if the Trustee were to prevail at trial, avoid and recover the Transfer and then be required to administer the Property, also taking into account the deferred maintenance alleged by Lever and the Debtor, and the current sale market during Covid-19.  Under the Agreement, the Trustee avoids litigation and obtains a cash payment of $33,000 in resolution of these issues.  Thus, the settlement set forth in the Agreement is the most equitable resolution for all parties involved and in the best interest of the estate.

### b.   The difficulties in collection.

Difficulties in collection are a factor with regard to the Trustee's claims against Lever and the Debtor in that the Trustee would have to prevail at trial, remove Lever from the Property and administer the Property.  The Agreement, on the other hand, provides that Lever and the Debtor shall collectively pay the Trustee, on behalf of the estate, the Settlement Amount. Additionally, under the terms of the Agreement, the Trustee has received a deed of trust to be recorded against the Property to secure the Settlement Amount until such time as the Settlement Amount is paid in full.  If the Trustee were required to commence and prosecute the claims asserted by the Trustee, the Trustee would be required to incur substantial time and

administrative fees which potentially would offset the estate's interest in avoiding the Transfer. By entering into the Agreement, the Trustee avoids the delay, cost and unnecessary incurrence of administrative fees of litigation while still being able to make a distribution to unsecured creditors.

> c. The complexity of the litigation involved and the expense, inconvenience and delay attendant to it.

Litigation of the Trustee's claims against Lever and the Debtor is certain to be costly and time-consuming and cause the estate to incur administrative fees and costs. Also, litigation of the claims relative to the Transfer are complex in that while the Trustee contends that avoidance of the Transfer is relatively straight-forward, the purported pre-nuptial agreement providing that the Property is allegedly Lever's separate property and that the community never acquired any interest sufficiently complicates the litigation claims. Further, the administrative costs associated with litigation could become cost prohibitive if the Trustee were to prevail at trial, avoid and recover the Transfer and then be required to administer the Property, taking into account the deferred maintenance alleged by Lever and the Debtor, and the current sale market during Covid-19. The Agreement avoids the risk, unnecessary expense and delay associated with litigation against Lever and the Debtor and administration of the Property, provides the estate with a definitive payment in the amount of $33,000, which will allow the Trustee to make a distribution to unsecured creditors.

> d. The interests of creditors.

As noted above, the Agreement avoids the risk, unnecessary expense and delay associated with litigation against Lever and the Debtor and administration of the Property, provides the estate with a definitive payment in the amount of $33,000, and will allow the Trustee to make a distribution to unsecured creditors. Therefore, entry into the Agreement appears to be in the best interests of all parties involved, including creditors of the estate.

Based on the foregoing, the Trustee respectfully submits that the Agreement is in the best interests of the estate, and requests that the Court approve the Agreement.

///

8

# III.

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order:

1.     Granting the Motion;

2.     Approving the Agreement;

3.     Authorizing and directing the Trustee, Lever and the Debtor to take any and all steps necessary to effectuate the Agreement, which is attached hereto as Exhibit 1; and

4.     Granting such other and further relief as the Court deems just and proper.

DATED: January 5, 2021                                  LEVENE, NEALE, BENDER,
                                                        YOO & BRILL L.L.P.


                                                        By:   /s/ Anthony A. Friedman
                                                             EDWARD M. WOLKOWITZ
                                                             ANTHONY A. FRIEDMAN
                                                        Attorneys for Howard M. Ehrenberg, Chapter 7
                                                        Trustee for the estate of Christopher Jason Waters

9

## DECLARATION OF HOWARD M. EHRENBERG

I, HOWARD M. EHRENBERG, declare as follows:

1.      I am the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate of Christopher Jason Waters (the "Debtor"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. All capitalized terms not defined herein shall have the same meanings afforded to them as in the Motion to which this declaration is annexed.

2.      On October 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:19-bk-22444-SK. Thereafter, I was appointed as Chapter 7 trustee of the Debtor's estate, a capacity in which I continue to serve.

3.      Prior to the Petition Date, on July 9, 2009, the Debtor married Karyn Lever ("Lever"). In or about January 2010, Lever purchased and took title to the real property located at 5919 El Mio Drive, Los Angeles, California 90042 (the "Property"). In or about 2013, the Debtor was added to the title of the Property.

4.      In or about late 2018, Lever commenced a petition for dissolution of marriage against the Debtor in the Superior Court of California, County of Los Angeles, Pasadena Courthouse, bearing case number 18PDFL02152 (the "Dissolution Action"). Following the commencement of the Dissolution Action, the Debtor and Lever entered into a marital settlement agreement (the "MSA") providing, among other things, that the Property would be transferred to Lever (the "Transfer"). On December 31, 2018, the Court in the Dissolution Action approved the MSA by entering a Judgment of Dissolution (the "Judgment").

5.      Following the Petition Date, I commenced my due diligence regarding the Dissolution Action, the MSA, the Judgment and an analysis of the assets disposed of pursuant to the Judgment, including, but not limited to, the Transfer.

6.      In connection with conducting my due diligence, I determined that at or about the time of the Judgment, the Property had a fair market value of approximately $900,000 and secured debt of approximately $450,000, providing for equity of approximately $450,000. I

1

analyzed the legal issues associated with the Debtor's pre-Petition Date interest in the Property, and the legal issues associated with the Transfer. My analysis suggests that the MSA, the Transfer and the Judgment are avoidable on the basis that the Debtor did not receive reasonably equivalent value in exchange for the Transfer. The remaining assets of the Debtor and Lever, at the time of the Judgment, were insignificant and appeared to be distributed relatively equally. In connection with my due diligence, I understand that the Debtor and Lever contend that Lever obtained the Property following marriage and that pursuant to an agreement between the Debtor and Lever, the Property would belong to Lever and that the community property interest in the Property, if any, would be substantially limited. I also understand that the Debtor and Lever also contend that there is deferred maintenance on the Property and that my valuation of the Property, at the time of the Transfer, is less than I believe it to be. Notwithstanding, I dispute the validity of the agreement between the Debtor and Lever regarding the disposition of title to the Property.

7.       While the parties believe that complex family law issues exist with respect to the avoidance of the Transfer, a purported pre-nuptial agreement and the extent of the estate's interest in the Property following avoidance of the Transfer, following lengthy, extensive negotiations, the parties herein have agreed to settle the disputes between them regarding the Property, the MSA, the Transfer and the Judgment, upon the terms and subject to the conditions set forth in that certain Settlement Agreement and Release (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1 and is incorporated herein by reference.

8.       The pertinent parts of the Agreement provide, inter alia, that I shall forbear from seeking to avoid the Transfer in exchange for Lever and the Debtor to collectively pay to me, on behalf of the estate, a settlement of $33,000.00 (the "Settlement Amount"). Additionally, under the terms of the Agreement, I have received a deed of trust to be recorded against the Property to secure the Settlement Amount until such time as the Settlement Amount is paid in full.

9.       The Agreement avoids the risk, unnecessary expense and delay associated with litigation against Lever and the Debtor and administration of the Property, provides the estate

2

1 | with a definitive payment in the amount of $33,000, and will allow me to make a distribution to

2 | unsecured creditors.    Therefore, in my business judgment, entry into the Agreement is in the

3 | best interests of all parties involved, including creditors of the estate.

4 |        10.      Based on the forgoing, I request that the Court approve the Motion and the terms

5 | and conditions of the Agreement.

6 |        I declare under penalty of perjury under the laws of the United States of America that the

7 | foregoing is true and correct and that this declaration was executed on January _5_, 2021, at Los

8 | Angeles, California.

9

10 |                                         HOWARD M. EHRENBERG

11 |                                         Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             3

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into as of December __11__, 2020, by Howard M. Ehrenberg, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Christopher Jason Waters (the "Debtor"), on the one hand, and the Debtor and Karyn Lever ("Lever"), on the other hand. Collectively, the Trustee, the Debtor and Lever may be referred to as the "Parties". This Agreement is made with reference to the following facts:

## RECITALS

A.    On October 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:19-bk-22444-SK. Thereafter, being duly qualified, the Trustee was appointed as Chapter 7 trustee of the Debtor's estate, a capacity in which he continues to serve.

B.    Prior to the Petition Date, on July 9, 2009, the Debtor married Lever.  In or about January 2010, Lever purchased and took title to the real property located at 5919 El Mio Drive, Los Angeles, California 90042 (the "Property").   In or about 2013, the Debtor was added to the title of the Property.

C.    In or about late 2018, Lever commenced a petition for dissolution of marriage against the Debtor in the Superior Court of California, County of Los Angeles, Pasadena Courthouse, bearing case number 18PDFL02152 (the "Dissolution Action").  Following the commencement of the Dissolution Action, the Debtor and Lever entered into a marital settlement agreement (the "MSA") providing, among other things, that the Property would be transferred to Lever (the "Transfer").   On December 31, 2018, the Court in the Dissolution Action approved the MAS by entering a Judgment of Dissolution (the "Judgment").

D.    Following the Petition Date, the Trustee commenced his due diligence regarding the Dissolution Action, the MSA, the Judgment and an analysis of the assets disposed of pursuant to the Judgment, including, but not limited to, the Transfer.

E.    In connection with conducting his due diligence, the Trustee determined that at or about the time of the Judgment, the Property had a fair market value of approximately $900,000 and secured debt of approximately $450,000, providing for equity of approximately $450,000. The Trustee has analyzed the legal issues associated with the Debtor's pre-Petition Date interest in the Property, and the legal issues associated with the Transfer.  The Trustee's analysis suggests that the MSA, the Transfer and the Judgment are avoidable on the basis that the Debtor did not receive reasonably equivalent value in exchange for the Transfer. The remaining assets of the Debtor and Lever, at the time of the Judgment, were insignificant and appeared to be distributed relatively equally. The Debtor and Lever dispute the Trustee's contentions regarding the MSA, the Transfer

- 1 –

and the Judgment. The Debtor and Lever contend that Lever obtained the Property following marriage and that pursuant to an agreement between the Debtor and Lever, the Property would belong to Lever and that the community property interest in the Property, if any, is not the full extent asserted by the Trustee. The Debtor and Lever also contend that there is deferred maintenance on the Property and that the Trustee's valuation of the Property, at the time of the Transfer, is not as the Trustee suggests. The Trustee disputes the validity of the agreement between the Debtor and Lever regarding the disposition of title to the Property.

F.    In connection with the administration of the Debtor's estate, the Trustee and the Debtor have engaged in substantial communications regarding settlement of the claims asserted by the Trustee, including, but not limited to the MSA, the Transfer and the Judgment.  While the Parties believe that a complex family law issues exists with respect to the avoidance of the Transfer and the estate's interest in the Property following avoidance of the Transfer, following lengthy negotiations, the Parties herein have agreed to settle the disputes between them regarding the Property, the MSA, the Transfer and the Judgment, and upon the terms and subject to the conditions set forth in this Agreement.

NOW THEREFORE, in consideration of the foregoing facts and the mutual covenants, conditions, promises and agreements contained herein, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

### AGREEMENT

**1.    Terms of Settlement.**

1.1    This Agreement is subject to the approval of the United States Bankruptcy Court for the Central District of California, Los Angeles Division, having jurisdiction over the Trustee and shall not be effective until approved by the Bankruptcy Court.  In the event that the Bankruptcy Court does NOT approve this Agreement, it is null and void and of no force or effect, except that within three (3) business days after entry of an order denying this Agreement, the Trustee shall refund to the Debtor any funds paid to the Trustee pursuant to paragraph 1.2, below.

1.2    The Debtor and Lever agree to pay to the Trustee, a total settlement amount of $33,000 to settle all claims between the Parties (the "Settlement Proceeds").  The Debtor and Lever will pay the Settlement Proceeds pursuant to the following schedule:

1.2.1    $15,000 to the Trustee upon execution of this Agreement.

– 2 –

1.2.2   $18,000 to the Trustee shall be paid in the amount of $750 per month commencing January 1, 2021, and continuing on a monthly basis with such payment due the first of each month thereafter until the balance of $18,000 is paid in full to the Trustee. To secure the payments required pursuant to this paragraph, Lever shall execute and notarize a deed of trust in favor of the Trustee in the amount of $18,000 which deed of trust shall encumber the Property, located at 5919 El Mio Drive, Los Angeles, California 90042 (APN 5484-022-005) until such time as the Settlement Proceeds are paid in full (the "Deed of Trust"). Upon execution of this Agreement, Lever shall execute and have notarized the Deed of Trust attached to this Agreement as **Exhibit "A"** and incorporated herein by reference. In the event of a default by the Debtor and Lever, the Trustee is authorized to enforce foreclosure of the Deed of Trust in the amount of $18,000, less payments received. All fees and costs associated with foreclosing on the Deed of Trust shall be charged against the Deed of Trust and shall be the responsibility of the Debtor and Lever. Nothing in this Agreement shall preclude the Debtor and Lever from paying off the balance of the Settlement Proceeds at any time.

1.3     The payments to the Trustee shall be made payable to "Howard M. Ehrenberg, Chapter 7 Trustee," and sent to the Trustee's attention at SulmeyerKupetz, APC, 333 South Grand Avenue, Suite 3400, Los Angeles, California 90071. In the event that the Debtor and Lever fail to make the monthly payment to the Trustee, the Trustee or his counsel shall send email notification to the Debtor and Lever's counsel, E. Richard McGuire at richard@shamrock-legal.com, of the default providing the Debtor and Lever five (5) days to cure the default (the "Cure Period"). Should the Debtor and Lever fail to cure the payment default within the Cure Period, the Trustee shall immediately seek to foreclose on the Deed of Trust in the amount of $18,000, less payments received.

2.      **Release Provisions.**

2.1     **Release**:

a.      Except for the continuing obligations in this Agreement and as otherwise set forth in this Agreement, the Trustee agrees

- 3 –

to and does release and waive all claims and causes of action the estate now has, whether known or unknown, against the Debtor and Lever arising from and related to the Property, the MSA, the Transfer and the Judgment (the "Trustee's Claims").

b.     Except for the continuing obligations in this Agreement and as otherwise set forth in this Agreement, the Debtor and Lever agree to and do release and waive all claims and causes of action he now has, whether known or unknown, against the Trustee, Trustee's counsel, and the Debtor's estate, the Property, arising from and related to the MSA, the Transfer and the Judgment ("Debtor and Lever's Claims") (collectively, the Trustee's Claims, and Debtor and Lever's Claims will be referred to as the "Claims").

## 3.     **Warranties and Representations.**

**3.1     Authority to Execute Agreement**: The Trustee, the Debtor and Lever warrant and represent that the individual persons executing this Agreement are duly authorized to execute this Agreement on behalf of the respective Parties and in their respective capacities as indicated below, provided, however, that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein.

**3.2     Legal Representations**:     The Trustee, the Debtor and Lever represent and agree that: (a) each of the Parties has obtained and/or had the opportunity to obtain independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom; (b) each of the Parties has full knowledge of any and all rights which they may have in connection with the Claims, the subject matter of the Claims, and the facts relating to the Claims; (c) none of the Parties are relying upon and have not relied upon any representation or statement made by any of the Parties or their counsel, with regard to the matters herein compromised or with regard to any rights or asserted rights in connection therewith; and (d) each of the parties hereby assumes the risk of any mistakes of fact in connection with the true facts involved in this Agreement or with regard to any facts which are now unknown to it relating thereto.

**3.3     Assignment**: Each of the Parties hereby warrants, represents and agrees that they are the sole and lawful owner of all right, title and interest in and to all of the respective Claims which are referred to in the release set forth above and that they have not heretofore voluntarily, by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person whomsoever any such Claims, or any part or portion thereof.  Each of the Parties agrees to indemnify and hold each of the other

– 4 –

parties harmless from any claim, demand, damage, liability, action or cause of action based on or connected with or arising in any manner out of any such assignment or transfer.

      **3.4**    <u>**Voluntary Agreement**</u>: Each of the Parties warrants, represents and agrees that, prior to executing and delivering this Agreement, each party has read this Agreement, has conferred with counsel of its choice regarding the terms and conditions set forth in this Agreement, and the legal significance of the terms and conditions contained in this Agreement, and is fully aware of the contents of this Agreement and its legal effect. Each of the Parties further warrants that it has executed and delivered this Agreement voluntarily and without any duress or undue influence having been exerted upon it by any person whomsoever.

      **4.**      <u>**Beneficiaries and Persons Bound.**</u>

      **4.1**    <u>**Limitation**</u>: This Agreement, including but not limited to the release set forth above, is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement, including without limitation, the mutual general release set forth above; is not intended to affect the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

      **4.2**    <u>**Beneficiaries**</u>: Subject to paragraph 4.1, above, this Agreement, including, but not limited to the release set forth above, shall inure to the benefit of and be binding upon each of the Parties, and each of their respective predecessors, successors, assigns, assignors, heirs, legatees, devisees, executors, administrators, estates, receivers and trustees, officers, directors, shareholders, employees, servants, agents, partners, insurers, representatives, attorneys, legal representatives, parent corporations, subsidiary corporations and affiliated companies, and all persons acting by, through, under or in concert with them or any of them.

      **5.**      <u>**Miscellaneous.**</u>

      **5.1**    <u>**Compromise**</u>: Each of the Parties acknowledges that in executing this Agreement, paying or accepting funds, making or accepting delivery of funds or documents, or acting pursuant to this Agreement, none of the Parties is admitting any liability whatsoever to any of the other Parties or to any other person or entity, and the Parties further acknowledge that each of the Parties has maintained and presently does maintain that they have no liability whatsoever to any of the other Parties or any other person or entity. The Parties further acknowledge that this Agreement constitutes a compromise of disputed claims and each of the Parties assumes the risk of any damages, injuries, disabilities, or errors which may now be latent or unexpected and which may

hereafter appear, develop or occur as a result of, or in relation to the claims raised or the causes of action brought in the respective lawsuits.

    **5.2**    <u>Further Assurance</u>: In addition to the documents and instruments to be delivered as herein provided, each of the Parties hereto shall, from time to time, at the request of the other party, execute and deliver to the other party, such documents or other instruments of transfer, conveyance and assignment; shall provide such information and/or documents; and/or shall take such other action as may be reasonably required to carry out the terms of this Agreement. The parties hereto agree to do, execute, acknowledge and deliver (or cause to be done, executed, acknowledged and delivered) each and every such further act, covenant, assurance, instrument or document, and take any other actions, as may be reasonably necessary to further the purposes of or to carry out the intent and purpose of this Agreement.

    **5.3**    <u>Professional Fees</u>: With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a party's rights or obligations under this Agreement, the ultimate prevailing party shall be entitled to recover from the losing party or parties, in addition to such other relief as may be granted, its reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

    **5.4**    <u>Breach of the Agreement</u>: It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith. All representations, warranties and covenants herein shall survive the execution of this Agreement.

    **5.5**    <u>Governing Law</u>: This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

    **5.6**    <u>Counterparts</u>: This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement. The Agreement shall become effective when each party has obtained a fully executed counterpart original of this Agreement and the other agreements referred to herein.

    **5.7**    <u>Severability</u>: In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition

or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof. If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

      **5.8**    <u>**Waiver**</u>: No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be waiver of any other breach of the same or the other provision hereof.

      **5.9**    <u>**Integration**</u>: This Agreement sets forth the entire agreement between the parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties. All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby. This is an integrated agreement.

      **5.10**    <u>**Notices**</u>:

          i.    <u>To the Trustee</u>: Copies of all notices or any documents hereunder to the Trustee shall be made by delivering same to the Trustee's counsel, Anthony A. Friedman, Esq., Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Blvd., Suite 1700, Los Angeles, California 90067.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

      ii.     <u>To the Debtor and Lever</u>:  Copies of all notices or any documents hereunder to the Debtor and Lever shall be made by delivering same to the Debtor and Lever's counsel, E. Richard McGuire, Esq., Shamrock Legal, APC, 2828 Cochran St., Suite 350, Simi Valley, CA 93065.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement to be effective as of the date set forth above.

DATED:  December 11, 2020           _____
                                        HOWARD M. EHRENBERG
                                        Solely in her capacity as Chapter 7 Trustee
                                        for the estate of Christopher Jason Waters

DATED:  December ___, 2020      _____
                                          CHRISTOPHER JASON WATERS

DATED:  December ___, 2020      _____
                                          KARYN LEVER

APPROVED AS TO FORM AND CONTENT:

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By: _____
        EDWARD M. WOLKOWITZ
        ANTHONY A. FRIEDMAN
Attorneys for Howard M. Ehrenberg,
Chapter 7 Trustee for the estate of
Christopher Jason Waters

[SIGNATURES CONTINUED ON NEXT PAGE]

- 8 –

      ii.    <u>To the Debtor and Lever</u>:  Copies of all notices or any documents hereunder to the Debtor and Lever shall be made by delivering same to the Debtor and Lever's counsel, E. Richard McGuire, Esq., Shamrock Legal, APC, 2828 Cochran St., Suite 350, Simi Valley, CA 93065.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement to be effective as of the date set forth above.

DATED:  December ___, 2020

      HOWARD M. EHRENBERG
      Solely in her capacity as Chapter 7 Trustee
      for the estate of Christopher Jason Waters

DATED:  December _10_, 2020

      CHRISTOPHER JASON WATERS

DATED:  December _10_, 2020

      KARYN LEVER

APPROVED AS TO FORM AND CONTENT:

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By _____
    EDWARD M. WOLKOWITZ
    ANTHONY A. FRIEDMAN
Attorneys for Howard M. Ehrenberg,
Chapter 7 Trustee for the estate of
Christopher Jason Waters

[SIGNATURES CONTINUED ON NEXT PAGE]

- 8 -

SHAMROCK LEGAL, APC

By: _____
        E. RICHARD MCGUIRE
Attorney for Debtor Christopher Jason Waters
and Karyn Lever

EXHIBIT "A"

Recording Requested By

And When Recorded Return To:

Howard M. Ehrenberg, Chapter 7 Trustee
c/o Anthony A. Friedman, Esq.
Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067

APN No. 5484-022-005                              SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

# DEED OF TRUST AND ASSIGNMENT OF RENTS
*This Document Provided by Fidelity National Title*

**This Deed of Trust,** made this 3rd day of December 2020, between KARYN LEVER, herein called **Trustor**, whose address is 5919 El Mio Drive, Los Angeles, California 90042, and HOWARD M. EHRENBERG solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of CHRISTOPHER JASON WATERS, Case No. 2:19-bk-22444-SK, herein called **Beneficiary**, whose address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 and Fidelity National Title, A California Corporation, herein called **Trustee,**

**Witnessed: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as: 5919 EL MIO DRIVE, LOS ANGELES, CALIFORNIA 90042 and legally described as:

See attached Exhibit "1"

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits.

**For the Purpose of Securing: payment and performance of all of the obligations by Trustor in that certain Settlement Agreement and Release dated December 3, 2020, entered into by and between Trustor and Beneficiary, among others, in the principal sum of $18,000 (Eighteen Thousand Dollars), which Settlement Agreement has been executed concurrently herewith and incorporated herein (the "Agreement") in Chapter 7 Bankruptcy Case bearing Case No. 2:19-bk-22444-SK. Notwithstanding anything to the contrary herein in this Deed of Trust, in the event of a conflict between the terms of this Deed of Trust and the terms of the Agreement, the terms of the Agreement shall control.   Subject to the foregoing provisions, in order to protect the Security of This Deed of Trust, Trustor Agrees**:

    (1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.
    (2)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.
    (3)   To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determine or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereinunder or invalidate any act done pursuant to such notice, subject to any rights of senior lienholders.
    (4)   To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.  Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)  To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)  That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance subject to any rights of senior lienholders.

(8)  That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)  That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said Agreement for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder. The recitals in such RECONVEYANCE (in a form acceptable to a title company) of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto". Five years after issuance of such full RECONVEYANCE, Trustee may destroy this Deed (unless directed in such request to retain it).

(11)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebdtness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall post it with Trustee this Deed said Agreement and all documents evidencing expenditures secured hereby.  After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may be determined, a public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale. Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14)  That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges of the Agreement secured hereby whether or not named as Beneficiary herein. In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

/ / /

/ / /

(15)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to them at his address hereinbefore set forth.

Dated: 12/10/20

KARYN LEVER

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF Los Angeles                              ] S.S.

On Dec 10 2020            before me, Thomas Ramirez II Notary Public(insert name) Notary Public, personally appeared Karyn Lever                                          ,
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/ are subscribed to the within instrument and acknowledged to me that   he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature

> THOMAS RAMIREZ II
> Notary Public - California
> Los Angeles County
> Commission # 2281645
> My Comm. Expires Apr 13, 2023

(This area for official notarial seal)

# ROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH KARYN LEVER AND DEBTOR CHRISTOPHER JASON WATERS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 5, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- Anthony A Friedman    aaf@lnbyb.com
- Ashley L Gjorgjeski    efile@fivelakesagency.com
- Sheryl K lth    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Craig C Lang    clang@feldmanandassoc.com, mfeldman@feldmanandassoc.com
- Edmond Richard McGuire    ermlawgroupcmecf@gmail.com,R60691@notify.bestcase.com
- Arvind Nath Rawal    arawal@americaninfosource.com
- Ketan G Sawarkar    ketan.sawarkar@americaninfosource.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jennifer H Wang    jwang@cookseylaw.com, jwang@ecf.courtdrive.com
- Edward M Wolkowitz    emw@lnbrb.com

**2.  SERVED BY UNITED STATES MAIL**: On **January 5, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Christopher Jason Waters
1001 Fremont Ave., #3763
South Pasadena, CA  91030

RSN
Capital One Auto Finance
a division of Capital One, N.A. Dept
AIS Portfolio Services, LP
4515 N Santa Fe Ave, Dept. APS
Oklahoma City, OK 73118

Karyn Lever and Christopher Jason Waters
c/o E. Richard McGuire, Esq.
Shamrock Legal, APC
2828 Cochran St., Suite 350
Simi Valley, CA  93065

The Honorable Sandra R. Klein
United States Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA  90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 5, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| **January 5, 2021** | Lisa Masse | /s/ Lisa Masse |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                     **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT "B"

1  EDWARD M. WOLKOWITZ (SBN 68298)
   emw@lnbyb.com
2  ANTHONY A. FRIEDMAN (SBN 201955)
   aaf@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
4  10250 Constellation Blvd., Suite 1700
   Los Angeles, California 90067
5  Telephone: (310) 229-1234
   Facsimile: (310) 229-1244
6
7  Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

8          UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10           LOS ANGELES DIVISION

11
   In re                          | Case No. 2:19-bk-22444 SK
12
   CHRISTOPHER JASON WATERS,       | Chapter 7
13
                      Debtor.      | NOTICE OF CHAPTER 7
14                                 | TRUSTEE'S MOTION TO
15                                 | APPROVE COMPROMISE OF
                                   | CONTROVERSY WITH KARYN
16                                 | LEVER AND DEBTOR
                                   | CHRISTOPHER JASON WATERS
17
18                                 | [Federal Rule of Bankruptcy
                                   | Procedure 9019; Local Bankruptcy
19                                 | Rule 9013-1(o)(1)]
20                                 | [No Hearing Required]
21
22
23     TO ALL INTERESTED PARTIES:

24     PLEASE TAKE NOTICE that Howard M. Ehrenberg, the Chapter 7 trustee (the

25 "Trustee") for the bankruptcy estate of Christopher Jason Waters (the "Debtor"), has filed a

26 motion (the "Motion") for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy

27 Procedure and Local Bankruptcy Rule 9013-1(o)(1), approving the Settlement Agreement and

28 Release (the "Agreement") entered into by and between the Trustee, Karyn Lever ("Lever") and

                                   1

the Debtor (collectively, the Trustee, Lever and the Debtor may be referred to as the "Parties") with regard to potential avoidance claims against Lever relating to the Debtor and Lever's dissolution of marriage, marital settlement agreement and subsequent dissolution judgment obtained in the Superior Court of California, County of Los Angeles, Pasadena Courthouse.

The Agreement relates to the following factual background:

On October 22, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, bearing case number 2:19-bk-22444-SK. Thereafter, the Trustee was appointed as Chapter 7 trustee of the Debtor's estate, a capacity in which he continues to serve.

Prior to the Petition Date, on July 9, 2009, the Debtor married Lever.   In or about January 2010, Lever purchased and took title to the real property located at 5919 El Mio Drive, Los Angeles, California 90042 (the "Property").   In or about 2013, the Debtor was added to the title of the Property.

In or about late 2018, Lever commenced a petition for dissolution of marriage against the Debtor in the Superior Court of California, County of Los Angeles, Pasadena Courthouse, bearing case number 18PDFL02152 (the "Dissolution Action").  Following the commencement of the Dissolution Action, the Debtor and Lever entered into a marital settlement agreement (the "MSA") providing, among other things, that the Property would be transferred to Lever (the "Transfer").   On December 31, 2018, the Court in the Dissolution Action approved the MSA by entering a Judgment of Dissolution (the "Judgment").

Following the Petition Date, the Trustee commenced his due diligence regarding the Dissolution Action, the MSA, the Judgment and an analysis of the assets disposed of pursuant to the Judgment, including, but not limited to, the Transfer.

In connection with conducting his due diligence, the Trustee determined that at or about the time of the Judgment, the Property had a fair market value of approximately $900,000 and secured debt of approximately $450,000, providing for equity of approximately $450,000.  The Trustee has analyzed the legal issues associated with the Debtor's pre-Petition Date interest in the Property, and the legal issues associated with the Transfer.  The Trustee's analysis suggests

2

that the MSA, the Transfer and the Judgment are avoidable on the basis that the Debtor did not receive reasonably equivalent value in exchange for the Transfer.  The remaining assets of the Debtor and Lever, at the time of the Judgment, were insignificant and appeared to be distributed relatively equally. The Debtor and Lever dispute the Trustee's contentions regarding the MSA, the Transfer and the Judgment. Indeed, the Debtor and Lever contend that Lever obtained the Property following marriage and that pursuant to an agreement between the Debtor and Lever, the Property would belong to Lever and that the community property interest in the Property, if any, is not the full extent asserted by the Trustee.  The Debtor and Lever also contend that there is deferred maintenance on the Property and that the Trustee's valuation of the Property, at the time of the Transfer, is not as the Trustee suggests.  The Trustee disputes the validity of the agreement between the Debtor and Lever regarding the disposition of title to the Property.

While the Parties believe that complex family law issues exist with respect to the avoidance of the Transfer, a purported pre-nuptial agreement and the estate's interest in the Property following avoidance of the Transfer, following lengthy, extensive negotiations, the Parties herein have agreed to settle the disputes between them regarding the Property, the MSA, the Transfer and the Judgment, upon the terms and subject to the conditions set forth in the Agreement.  The Agreement provides, <u>inter alia</u>, that the Trustee shall forbear from seeking to avoid the Transfer in exchange for Lever and the Debtor to collectively pay the Trustee, on behalf of the estate, a settlement of $33,000.00 (the "<u>Settlement Amount</u>").  Additionally, under the terms of the Agreement, the Trustee has received a deed of trust to be recorded against the Property to secure the Settlement Amount until such time as the Settlement Amount is paid in full.

The Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Trustee has determined that it is in the best interest of the estate to settle his disputes with Lever and the Debtor given the inherent risks and expense associated with litigation, the legal issues related to avoiding the MSA, the Transfer and the Judgment, and the defenses proffered by Lever relative to the purported pre-nuptial agreement.

Accordingly, the Trustee submits that the compromise is fair and reasonable and should be approved by the Court.

The Motion is based upon this Notice of Motion, the Motion, the Memorandum of Points and Authorities, the Declaration of Howard M. Ehrenberg, and the exhibit attached thereto, the entire record in this case, and such further evidence as may be made.

This Notice is qualified in its entirety by reference to the Motion and the attachments to the Motion, which are on file with the Clerk of the Bankruptcy Court. Creditors and parties-in-interest who desire further information are encouraged to review the Motion in its entirety.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any request and request for hearing must be filed with the Court and served on the movant and the Office of the United States Trustee within fourteen (14) days after the date of this Notice, plus three (3) additional days if you were served by mail or pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) or (F). **If you do not object to the Motion and the approval of the settlement with the Defendant, then you do not need to take any action in response to this notice.**

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-(1)(h), failure to file and serve a timely response may be deemed consent to the granting of the Motion.

DATED:  January 5, 2021                          LEVENE, NEALE, BENDER,
                                                 YOO & BRILL L.L.P.


                                                 By:   /s/ Anthony A. Friedman
                                                        EDWARD M. WOLKOWITZ
                                                        ANTHONY A. FRIEDMAN
                                                 Attorneys for Howard M. Ehrenberg, Chapter 7
                                                 Trustee for the estate of Christopher Jason Waters

4

# ROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled **NOTICE OF CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY WITH KARYN LEVER AND DEBTOR CHRISTOPHER JASON WATERS** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 5, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- Anthony A Friedman    aaf@lnbyb.com
- Ashley L Gjorgjeski    efile@fivelakesagency.com
- Sheryl K lth    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Craig C Lang    clang@feldmanandassoc.com, mfeldman@feldmanandassoc.com
- Edmond Richard McGuire    ermlawgroupcmecf@gmail.com,R60691@notify.bestcase.com
- Arvind Nath Rawal    arawal@americaninfosource.com
- Ketan G Sawarkar    ketan.sawarkar@americaninfosource.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Jennifer H Wang    jwang@cookseylaw.com, jwang@ecf.courtdrive.com
- Edward M Wolkowitz    emw@lnbrb.com

**2.  SERVED BY UNITED STATES MAIL**: On **January 5, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Christopher Jason Waters                    RSN
1001 Fremont Ave., #3763                    Capital One Auto Finance
South Pasadena, CA  91030                   a division of Capital One, N.A. Dept
                                            AIS Portfolio Services, LP
                                            4515 N Santa Fe Ave, Dept. APS
                                            Oklahoma City, OK 73118

Karyn Lever and Christopher Jason Waters    The Honorable Sandra R. Klein
c/o E. Richard McGuire, Esq.                United States Bankruptcy Court
Shamrock Legal, APC                         255 E. Temple Street, Suite 1582
2828 Cochran St., Suite 350                 Los Angeles, CA  90012
Simi Valley, CA  93065

⊠  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 5, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                   **F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 5, 2021 | Lisa Masse | /s/ Lisa Masse |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:19-bk-22444-SK
Central District of California
Los Angeles
Tue Jan  5 14:51:21 PST 2021

ABSOLUTE RESOLUTIONS CORPORATION
8000 NORMAN CENTER DRIVE SUITE 350
BLOOMINGTON MN 55437-1118

Capital One Auto Finance, a division of Capi
AIS Portfolio Services, LP
4515 N Santa Fe Ave.
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

PYOD LLC
Resurgent Capital Services
PO Box 19008
GREENVILLE, SC 29602-9008

Verizon by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Agatha Cha Et Al
431 Paseo Miramar
Pacific Palisades, CA 90272-3018

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
PO Box 297871
Fort Lauderdale, FL 33329-7871

Capital One Auto Finance
PO Box 60511
City Of lndustry, CA 91716-0511

Capital One Auto Finance, a division of Capi
PO Box 60511
City Of Industry CA 91716, CA 91716-0511

Consolidated Electrical Distributors Inc
Michael Wayne Esq
Los Angeles, CA 90049

Elevon Inc
2 Concourse Pkwy Ste 800
Atlanta, GA 30328-5588

Home Depot Credit Services
PO Box 790328
St Louis, MO 63179-0328

Karyn Lever
5919 EI Mio Dr
Los Angeles, CA 90042-3411

Sunpower Corporation
77 Rio Robles
San Jose, CA 95134-1859

Syncb Care Credit
950 Forrer Blvd
Kettering, OH 45420-1469

TD Auto Finance LLC
P.O. Box 16041
Lewiston, ME 04243-9523

Td Auto Finance
Po Box 100295
Columbia, SC 29202-3295

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Verizon
by American InfoSource as agent
PO Box 4457
Houston, TX  77210-4457

Christopher Jason Waters
1001 Fremont Ave., #3763
South Pasadena, CA 91030-3224

Edmond Richard McGuire
 Shamrock Legal, apc
2828 Cochran St.
Suite 350
simi valley, CA 93065-2780

Howard M Ehrenberg (TR)
SulmeyerKupetz
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-1538

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Absolute Resolutions Investments, LLC
c/o Absolute Resolutions Corporation
8000 Norman Center Drive, Suite 350
Bloomington, MN 55437

Absolute Resolutions Investments a LLC
c/o Absolute Resolutions Corporation
8000 Norman Center Drive, Suite 350
Bloomington, MN 55437

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF                              (u)Levene, Neale, Bender Yoo & Brill LLP          (u)TD Auto Finance LLC

(d)PYOD, LLC                                 End of Label Matrix
Resurgent Capital Services                   Mailable recipients    24
PO Box 19008                                 Bypassed recipients     4
Greenville, SC 29602-9008                    Total                  28

1

# PROOF OF SERVICE OF DOCUMENT

2

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

4

A true and correct copy of the foregoing document entitled **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION LBR 9013-1(o)(3)** in the manner stated below:

5

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to

6

controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 25, 2021**, I checked the CM/ECF docket for this bankruptcy case

7

or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

8

- Howard M Ehrenberg (TR)     ehrenbergtrustee@sulmeyerlaw.com,
  ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

9

- Anthony A Friedman     aaf@lnbyb.com
- Ashley L Gjorgjeski     efile@fivelakesagency.com

10

- Sheryl K Ith     sith@cookseylaw.com, sith@ecf.courtdrive.com
- Craig C Lang     clang@feldmanandassoc.com, mfeldman@feldmanandassoc.com

11

- Edmond Richard McGuire     ermlawgroupcmecf@gmail.com,R60691@notify.bestcase.com
- Arvind Nath Rawal     arawal@americaninfosource.com

12

- Ketan G Sawarkar     ketan.sawarkar@americaninfosource.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

13

- Jennifer H Wang     jwang@cookseylaw.com, jwang@ecf.courtdrive.com
- Edward M Wolkowitz     emw@lnbrb.com

14

**2.  SERVED BY UNITED STATES MAIL**: On **January 25, 2021**, I served the following persons and/or

15

entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and

16

addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

17

18

Christopher Jason Waters
1001 Fremont Ave., #3763
South Pasadena, CA 91030

Karyn Lever and Christopher Jason Waters
c/o E. Richard McGuire, Esq.
Shamrock Legal, APC
2828 Cochran St., Suite 350,
Simi Valley, CA  93065

19

20

21

RSN
Capital One Auto Finance
AIS Portfolio Services

22

LP Account:  XXXXXXXXX1234
4515 N Santa Fe Ave. Dept. APS

23

Oklahoma City, OK  73118

24

☐  Service information continued on attached page

25

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR,

26

on **January 25, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or

27

email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

28

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

1    I declare under penalty of perjury under the laws of the United States of America that the foregoing is
true and correct.

2

| **January 25, 2021** | Lisa Masse | */s/ Lisa Masse* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**